**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

CIVIL ACTION NO. 07-CV-188-JMH

DAN DUFFY,                                                              PLAINTIFF,

VS:                     **MEMORANDUM OPINION AND ORDER**

DENNIS BRADLEY, ET AL.,                                                 DEFENDANTS.

\* \* \* \* \*

The plaintiff, Dan Duffy, who lists his address as 901 Lane Allen Road, Lexington, Kentucky, 40380, has filed a one-page *pro se* civil complaint against David F. Hayse and Dennis Bradley [Record No. 2]. He has paid the $350.00 filing fee.

CLAIMS

The plaintiff broadly claims that the defendants violated his constitutional right to due process of law by denying him "the right of a jury" in a Mental Health/Probate proceeding in the Fayette District Court [*Id*.].[1] Given that allegation, the Court would classify the claims as falling under the Fourteenth Amendment of the United States Constitution. Although the plaintiff failed to specify any basis of jurisdiction within the complaint, the

---

[1] The Court takes judicial notice that David. F. Hayse is one of the Judges of the Fayette District Court, which has jurisdiction over Mental Health and Probate proceedings. The plaintiff identified Dennis A. Bradley as the administrator of the Estate of Louise Taylor.

alleged denial of due process would implicate jurisdiction in this Court under 42 U.S.C. § 1983.

To support a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that the named defendant engaged in conduct under color of state law and that the alleged conduct deprived him of a right secured by the Constitution or law of the United States. *Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir.2003).

## ALLEGATIONS OF THE COMPLAINT

The complaint consists of one introductory sentence followed by eight cursory sentences. Plaintiff alleges that he was a Limited Guardian/Conservator for a woman, whom he identifies as Louise Williams, in a Mental Health/Probate proceeding in the Fayette District Court. He takes issue with various rulings handed down by Judge David F. Hayes.[2]

## RELIEF REQUESTED

The plaintiff seeks an order from this Court directing the Fayette District Court to vacate, set aside, or amend the adverse

---

[2] Plaintiff claimed: (1) that Judge David Hayse made incorrect rulings, such as denying him compensation for his services as Limited Guardian/Conservator in the estate of Louise Williams; (2) that he (plaintiff) had legal authority to take certain unspecified actions in the estate of Louise Williams; (3) that Judge David F. Hayse was "Anti-Pro Se"; and (4) that Dennis Bradley was negligent in his duty as administrator of the Williams estate. Regarding defendant Bradley, The plaintiff stated that "Dennis A. Bradley did not file a complaint against me, Dan Duffy, in the case." [Record No. 1, ¶ 1]

rulings in the Mental Health/Probate proceeding involving Louise Taylor.

## DISCUSSION
### 1. Authority to Screen

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

*Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

### 2. *Rooker-Feldman* Doctrine Bars Relief

Although the facts are sparsely pled, the plaintiff makes it abundantly clear that he is unhappy with the outcome of a state court Mental Health/Probate proceeding, and that he wants this Court to intervene and make rulings more favorable to him.

The plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court

3

judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16, 103 S. Ct. 1303, 75 L. Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149 (1923).

Here, the plaintiff's federal claims can succeed only to the extent that this Court would determine that the Fayette District Court wrongly decided the probate and mental health issues before it. The plaintiff's federal claims in this § 1983 action are, in essence, impermissible appeals of a decision(s) entered in the Fayette District Court proceeding.

The plaintiff should have directly appealed these adverse decisions, about which he now complains, through the state court appellate system. An unsuccessful state court litigant simply cannot "appeal" a state court decision in federal court. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Accordingly, the Court lacks jurisdiction to entertain this action.

In a 2002 case where the plaintiffs asserted claims in federal court based upon unfavorable rulings in a Michigan state court probate proceeding, the Sixth circuit specifically rejected the plaintiff's § 1983 complaint on the basis of the *Rooker-Feldman* doctrine. *See Romanian Orphans v. Ramazetti*, 36 Fed. Appx. 559 (6th Cir. (Mich. June 14, 2002)) (not selected for publication in the Federal Reporter).

Citing *Apple v. Glenn*, the Sixth Circuit determined that it did not have jurisdiction to entertain the § 1983 action, dismissed the § 1983 complaint, and explained as follows:

> The plaintiffs' claims are precluded by the Rooker-Feldman doctrine. . .(cites omitted). Under this doctrine, lower federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *See Feldman*, 460 U.S. at 482 & n.16 . . .; *Rooker*, 263 U.S. at 415-16,. . . . **A fair reading of the complaint reveals that the plaintiffs' federal case is essentially an appeal of the state court judgment as it merely raises specific issues regarding decisions of the judges sitting in the probate action wherein the plaintiffs are the recipient of adverse rulings. Thus, the district court lacked jurisdiction over any challenge the plaintiffs are making to the legal proceedings held in the Wayne County Probate Court.**

*Romanian Orphans v. Ramazetti*, 36 Fed. Appx. 559 at 560. (Emphasis Added)

### 3. No "State Action" as to Defendant Bradley

Even if *Rooker-Feldman* did not bar this action *in toto* (which it does), the Court cannot ascertain that Defendant Dennis A. Bradley is even a state actor. To prevail on a §983 claim, a plaintiff must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution or laws of the United States. *See Enertech Elec., Inc. v. Mahoning County Commissioners*, 85 F.3d 257, 259-60 (6th Cir. 1996).

A plaintiff has the burden of proving that a defendant's action was "caused, controlled or directed by the state or its agencies." *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 180 F.3d 758, 764 (6th Cir. 1999).

Here, Defendant Bradley is not described as a person acting under color of state law or in any manner that is attributable to the state.

The plaintiff has alleged no facts which would satisfy any of the three tests articulated by the Supreme Court in determining whether a defendant's conduct can be fairly attributed to the state. *See West v. Atkins*, 487 U.S. 42, 450 (1988) (public function test); *Adickes v. S. H. Kresse's Co.*, 398 U.S. 144, 170 (1970) (the state compulsion test); and *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961) (symbiotic relationship or nexus test). The claims against Bradley must also be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED**:

(1) This action is **DISMISSED WITH PREJUDICE,** *sua sponte.*

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion in favor of the defendants.

(3) The Clerk of the Court is directed to mail a copy of this Memorandum Opinion, and the Judgment, to the following persons:

(a) Judge David F. Hayse of the Fayette District Court, 150 N. Limestone Street, Lexington, Kentucky, 40507; and

(b) Dennis A. Bradley, 205 N. Upper Street, Lexington, Kentucky, 40507.

This the 20th day of June, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge